**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KILEIGH CARRINGTON, individually and on behalf of members of the general public similarly situated, <br><br> Plaintiff, <br> v. <br> STARBUCKS CORPORATION, a Washington Corporation; and DOES 1-10, inclusive, <br><br> Defendant. | CASE NO. 16cv3074 DMS (KSC) <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

This case comes before the Court on Defendant's motion to dismiss the Complaint. Plaintiff filed an opposition to the motion, and Defendant filed a reply. For the reasons set out below, the motion is denied.

**I.**

**BACKGROUND**

In June 2014, Plaintiff Carrington filed a claim against Defendant Starbucks in state court under the Private Attorneys General Act ("PAGA") challenging Starbucks's meal break practice ("*Carrington I*"). Defendant removed that case to this Court, (Case No. 14cv1763 BAS(MDD)), but the case was remanded to state court. On October 24, 2016, trial commenced in *Carrington I*, and the court found in favor of Carrington on liability. The trial court awarded penalties on December 19, 2016, and entered judgment in favor of Carrington on July 20, 2017.

While *Carrington I* was pending, Plaintiff commenced this lawsuit, which also challenges Defendant's meal break policy. Although Federal Rule of Civil Procedure 4(m) required Plaintiff to serve the summons on Defendant with 90 days of filing the Complaint, or by March 21, 2017, Plaintiff did not do so. Thus, on August 25, 2017, this Court issued a notice of a hearing under Rule 4(m) regarding dismissal of the case for want of prosecution. Plaintiff thereafter served Defendant on August 31, 2017. On September 12, 2017, Plaintiff's counsel submitted a declaration explaining the reasons for the delay in service. On the same day, the Court vacated the Rule 4(m) hearing. Defendant now moves to dismiss the case for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).

## II.
## DISCUSSION

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Here, there is no dispute Plaintiff did not serve Defendant within the 90 days provided for in the Rule. The only dispute is whether Plaintiff has shown good cause for her failure to do so and whether the Court should exercise its discretion to allow for late service.

Defendant argues Plaintiff cannot demonstrate good cause for her failure to timely serve the Complaint because the failure was intentional. There is case law in the Ninth Circuit that supports this argument. *See Fimbres v. United States*, 833 F.2d 138 (9th Cir. 1987). In that case, the Ninth Circuit held "plaintiffs' assertion that they intentionally failed to effect service within 120 days because they did not want to trigger pretrial and discovery deadlines and might be unable to prosecute the action in the foreseeable future does not constitute good cause under Rule 4(j)." *Id.* at 139.

Defendant asserts this reasoning is applicable here because like the plaintiff in *Fimbres*, Plaintiff here made a strategic decision to delay service of process to avoid the possibility of removal. There is no dispute Plaintiff did so, and that under *Fimbres*, the Court could dismiss her case.

However, "[w]hen considering a motion to dismiss a complaint for untimely service, courts must determine whether good cause for the delay has been shown on a case by case basis." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Outside of *Fimbres*, the Ninth Circuit has held "that 'at a minimum, "good cause" means excusable neglect.'" *Id.* Excusable neglect exists where the plaintiff shows the following: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* (citing *Hart v. United States*, 817 F.2d 78, 80-81 (9th Cir.1987)).

Here, according to his declaration, Plaintiff's counsel "worked well" with Defendant's counsel and advised Defendant's counsel that although *Carrington I* "was limited to PAGA claims, any subsequent class action case would be distinct and filed in federal court." (*See* Docket No. 5 (September 12, 2017 Decl. of Clint Engleson) ¶ 9.) Defendant does not explicitly dispute having actual knowledge of this lawsuit but merely declares Plaintiff did not inform him of the plan to file a future lawsuit or discuss and arrange service of summons until the service was effected. (Decl. of Jonathan Slowik in Supp. of Mot. ¶ 3.) Thus, this factor slightly favors Plaintiff.

Next, Defendant argues it would be prejudiced if this case is allowed to proceed because the statute of limitations on Plaintiff's Labor Code claim expired, and it is entitled to expect that claim has been extinguished. However, Defendant has conducted discovery and developed evidence on this claim in the state court proceeding. It will not suffer much in its defense as far as lost evidence and witnesses. Moreover, as Plaintiff suggests, Defendant has many employees in California, and it cannot reasonably assume it will be immune from suits regarding its meal period policy

///

1 just because one employee's statute of limitation may have expired. Since Defendant is
2 not likely to suffer prejudice, this factor also favors Plaintiff.

3   Finally, Defendant argues Plaintiff will not suffer prejudice if the Court dismisses
4 the present case because although Plaintiff's Labor Code claim will be barred under the
5 applicable three-year statute of limitation, its claim under the Unfair Competition Law
6 will still be viable. Even though the Court can dismiss a complaint when a plaintiff
7 faces a time-bar, losing the ability to prosecute a claim is considered to be serious
8 prejudice. *See Lemoge v. U.S.*, 587 F.3d 1188, 1195 (9th Cir. 2009) (holding "being
9 forever barred from pursuing their claims" is "ultimate prejudice"). Therefore, this
10 factor also favors Plaintiff.

11   Considering these factors in light of the broad discretion that is provided by Rule
12 4(m), *In re Sheehan*, 253 F.3d at 513, this Court declines to dismiss Plaintiff's case
13 pursuant to Rule 12(b)(5). The delay in the present case is 163 days, which is not
14 insignificant, but also not so long as to warrant dismissal. Defendant has not lost any
15 evidence or witnesses relevant to the case, and it is disputed whether Defendant had
16 actual knowledge about the case prior to being served. In light of the facts presented
17 here, dismissal is not warranted.

### III.
### CONCLUSION

For these reasons, Defendant's motion to dismiss is denied.

**IT IS SO ORDERED**.

DATED: November 21, 2017

_____
HON. DANA M. SABRAW
United States District Judge